**Dawn M. STEPHENSON**

v.

**Edward ALGER.**

**No. 91–446–M.P.**

Supreme Court of Rhode Island.

March 19, 1992.

William J. Riccitelli, Cranston, for plaintiff.

Anthony F. DeMarco, William Dimitri, John Boland, Providence, for defendant.

### ORDER

This matter was before a panel of the Supreme Court on a petition of defendant for the issuance of a Writ of Certiorari to review a protective order entered in the Superior Court.

The defendant Edward Alger is charged with and being prosecuted for sexual assault on plaintiff, who is the complaining witness in that criminal prosecution. In this civil suit by the plaintiff arising out of this assault, defendant's counsel in the civil action scheduled a deposition of the plaintiff and intended to have the defense attorney in the criminal matter attend the deposition. The plaintiff's attorney moved for a protective order that would bar the criminal defense attorney from attending the deposition in the civil case. The motion calendar justice entered the requested protective order, reasoning that in view of the sensitive nature of the plaintiff's charges against defendant, presence at the deposition of the criminal defense attorney would be intimidating.

Subsequent to the entry of the protective order, however, the defense attorney in the criminal matter has now entered his appearance for defendant in the civil action. Under these new circumstances it would be inappropriate, if not constitutionally prohibited, to prevent defendant's counsel from being present at the deposition that has been scheduled for defendant's benefit.

For these reasons, the petition for the issuance of a Writ of Certiorari is granted, the protective order is quashed, and the papers of the case are remanded to the Superior Court for further proceedings.

FAY, C.J., and MURRAY, J., did not participate.